[Civ. No. 37665. Second Dist., Div. Four. Sept. 20, 1971.]

RALPH S. ROARK et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA ex rel. DEPARTMENT OF PARKS
AND RECREATION, Defendant and Respondent.

**COUNSEL**

Ogle & Gallo and Ray A. Gallo for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, and Robert H. Francis, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**JEFFERSON, J.**—Plaintiffs appeal from a judgment awarding partial injunctive relief and no damages for defendants' alleged interference with property rights asserted by plaintiffs.

Plaintiffs on this appeal contend solely that the construction by the State of California of a barricade at the end of Orcas Street in the subdivision where plaintiffs are property owners created a public and private nuisance

and that plaintiffs are entitled to damages for the elimination of their easement of passage via Orcas Street onto the beach.

This appeal is based on a settled statement of facts. The statement, insofar as it is relevant to the issues on appeal, discloses that the state constructed Atascadero Beach State Park on 74 acres of property which it had previously acquired in San Luis Obispo County. The park, which was improved with 104 camping units, two comfort stations, a contact station, camping and picnicking facilities, and trees and bushes, was completed in the fall of 1965, and opened to the public on or about September 1, 1966.

Each of the plaintiffs is or has been a resident and property owner in a residential subdivision located directly east of the park in the City of Morro Bay and designated as Atascadero Beach State Park, Tract 81, Morro Beach. Each of the plaintiffs purchased a lot therein at a time when a subdivision map of the tract, which showed Orcas Street as one of the streets in the subdivision, was recorded in the county recorder's office. The streets in the subdivision, apart from Yerba Buena Street, are narrow and poorly maintained and the state concedes that it has no need or desire to utilize such streets for park access. The state therefore agreed to be bound in this action not to utilize any of the subdivision streets except Yerba Buena Street, which is situated at the northerly end of the park, for park access.

Neither the comfort stations nor the camping and picnicking facilities emit noxious odors into the subdivision and the park operation does not emit unreasonable noise into the subdivision. Before the park was constructed, plaintiffs enjoyed the same use of the beach lying to the west of the subdivision as every other member of the general public. None of the plaintiffs had utilized any footpath or footpaths on the property in such a way as to give rise to a prescriptive easement.

The construction of Atascadero Beach State Park resulted in the barricading by defendants of Orcas Street, a public street situated in plaintiffs' subdivision, to vehicular traffic at the point where Orcas Street meets the park property. Prior to the construction of the park, both plaintiffs and the general public were able to drive down Orcas Street onto the beach lying easterly of the Pacific Ocean. However, plaintiffs did not have any special right of access over and across the beach other than the general right of access had by the rest of the public. Due to the barricading of Orcas Street, neither plaintiffs nor the general public are physically able to drive onto the beach by means of Orcas Street any longer. However, pedestrian access to the beach by means of Orcas Street is still available

by walking through Atascadero Beach State Park. It is now necessary for the plaintiffs and the general public by vehicle to enter Atascadero Park by means of a toll gate maintained and operated by the state. It is not possible to reach the beach by vehicle by entering the park by means of Yerba Buena Street as there are no exits from the park to the beach.

Plaintiffs contend that the barricading of Orcas Street constitutes a public nuisance. (Civ. Code, § 3479.) Orcas Street was a public street in plaintiffs' subdivision which provided pedestrian and vehicular access down to the beach, but plaintiffs had no special right of use of the beach or of access to or across the beach. The customary manner of use of Orcas Street both before and after construction of the park was to provide vehicular and pedestrian access to the beach. The only change is that since the barricade was erected persons are no longer able to drive vehicles onto the beach from Orcas Street. Plaintiffs fail to establish that the barricade of the street has in any way damaged them in a manner different from the public. (Civ. Code, § 3493.) The erection of the barricade constitutes at most an inconvenience to plaintiffs and the trial court properly found that no public nuisance was created.

Plaintiffs contend that the barricading of Orcas Street constitutes a private nuisance for them because each of them purchased lots by reference to a subdivision tract map which depicted Orcas Street as a street in the subdivision. Thus, plaintiffs argue that they acquired easements over Orcas Street as well as the rest of the streets in the subdivision and are entitled to maintain an action for interference with a private easement. However, Orcas Street is a public street and the sole claim is that the barricade physically prevents them from driving across the beach at the point where Orcas Street originally terminated. Plaintiffs have not established that they had at any time the private right to drive across the beach.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.